Good morning and may it please the court my name is David Fisher I represent the appellant Dezmaighne McClain. I'd like to reserve two minutes. So this this appeal presents three issues. The first issue is we believe the district court erred in finding that the offense involved a firearm described in Title 26 United States Code Section 5845A. This was a ghost AR-15 rifle. We believe that that did not have been a finding that was made because the government failed to show that that firearm was in interstate commerce. The second issue. Am I right that the enhancements rest not on the fact that it's quote a ghost gun but that it's a short-barreled gun? Yes. This would apply to any any firearm that was short-barreled? Right and it's it doesn't in our view it doesn't change the fact that it's listed so it's the same definition like for 921 18 U.S.C. 921 A3 that defines all firearms and then you have this other section in 5845A that describes a different type of fire like a firearm but a different type the short-barrel or the overall length is short or the other types of firearms. In our view it doesn't take away the requirement that there be a an interstate nexus to make it a gun that counts for the for the. So you you would make that argument against against any gun which either had not been proved at trial or I guess not proved to the judge at the sentencing you you would you would allow that to bring it in? Right it's it should not have been allowed in because it's not a federal gun there isn't an interstate there is not in there was no showing that traveled through interstate commerce. And do you have any case that says that for enhancement purposes not as the offense of conviction you have to have that? I I do not but the the law has changed since this case and 18 United States Code 921 covers ghost guns now in that so there would have been no reason to enact that law if it had already been covered by the guidelines or some other federal statute. But that was that's a statute of conviction not a statute of sentencing right? That is a statute of conviction. I mean if your argument had merit it could have been raised as I said against any enhancement where the government didn't bring in proof of travel in interstate commerce and might well not be. Could have been in the same state of manufacture something of that sort. True and in this gun my client was not charged with possession of this firearm. But again that's that happens all the time doesn't it? I mean as just an example you have an enhancement for having ten guns and you've only been convicted on one you have an enhancement because of numbers they don't bring in interstate commerce I mean as a generality correct they don't bring in interstate commerce connection to prove the other nine guns. I don't I haven't had that issue come up where I have not had that issue come up so it seems like if they could have charged him with this firearm they would have. It wouldn't have been mentioned in count three as part of an ammunition charge it would have been count one and picture of it would have been in the indictment. So for that reason because there was the lack of the interstate commerce or the interstate travel requirement he should not have he should not have started with that offense level. The second issue for the appeal is there was insufficient evidence that one of the firearms was stolen. The government attempted to put on some evidence at trial about that. It was objected to and the objection was sustained in that sentencing the government provided was a report about a report about a stolen firearm that was presented to the probation office. We object to that and objected to that and feel that that's insufficient evidence. I want to be clear on the nature of your objection to that. Are you making an evidentiary challenge like this report shouldn't isn't properly considered at sentencing or are you making a sufficiency challenge the information in this report isn't enough? It's Third, we believe the district court erred in denying our motion to dismiss for outrageous government conduct when the FBI arranged to have the defendant's parole agent order him to the parole office for the sole purpose of having a meet with a confidential informant to entice him into engaging in criminal activity. So those are the three issues for the appeal. Again with the ghost gun our position remains that it was not a federal gun. It should not have been considered the proper base offense level for this offense should have been 24 instead of 26. We cited the cases for that proposition in our memorandum. Again with regard to the second issue with the insufficiency of the evidence with regard to the report about a report again we think the district court erred in considering that report and finding a two-level enhancement for that. And lastly we briefed it a little more fully about the outrageous government conduct with regard to just ordering the defendant to come to the parole office to see if he would engage in criminal activity. We believe that there are errors in those three matters of the case and we'd ask that the case be remanded for resentencing. Save the rest of my time for rebuttal. Thank you. Thanks. All right, Ms. Beckwith. Good morning, your honors. May it please the court. The government submits that interstate commerce nexus is entirely irrelevant to whether this guideline enhanced or rather the guideline provision applies. The provision at issue is 2k 2.1 sub a1 which is the base offense level and for that to apply the defendant has to have two qualifying convictions. That's not disputed but all that's required is for the government to show that the offense quote involved a firearm described in 26 USC 5845 a there is no requirement to show that it was otherwise an illegal firearm or that there was otherwise an independent felony that was committed through the guns involvement in the crime. In this case the plain language was clearly satisfied by both the trial evidence and the evidence submitted at sentencing. The count of conviction was his possession of the ammunition which was found inside the clip of this title 26 firearm. It's a ghost gun. It's an N. F. A. Firearm however you want to call it. That's where it was found. In this case he was convicted of possessing that ammunition. The jury found it beyond a reasonable doubt and then at sentencing the government provided a declaration from the A. T. F. Expert who A. R. 15 and he determined that it was a firearm described in title 26 5845 a on the basis of the length of the rifle less than 16 inches. So that satisfied the evidence required to apply provision a one to enhance the sentence and find the base offense level to be 26. The 10th Circuit case of Campbell just doesn't apply. In that case what the court was doing was looking at a different guideline provision. It was looking at sub B one the provision that where you decide how many firearms were involved in the offense and whether or not to apply it to enhance the sentence. And in that case the court really relied on application note what's now five. It was then nine which limited what the court could consider in terms of whether the firearms were unlawfully possessed. And that actually became an issue because the defendant objected and the government declined to provide any proof. So it really relates to a wholly different guideline provision that wasn't in play in this case. It wasn't applied if you look at the P. S. R. And it just wasn't at play. So for that other provision you say there's commentary that they must be guns that traveled in interstate commerce. It doesn't say that specifically your honor. The application note provides guidance that for purposes of calculating the number of firearms just that under B one count only those firearms that were unlawfully possessed. And that was the issue in Campbell was whether the because they hadn't proven it was unlawfully possessed. And here that's just not the issue. You don't even have to determine whether or not the ghost gun was lawfully possessed because that's not what the applicable guideline requires you to do. It only requires the court to determine whether this firearm was involved was a fire. Sorry whether the offense in this case the involved a firearm described in Title 26 58 45 a. That's all that's required. Nothing else. No interstate nexus requirement is just a description. And that was as I said satisfied by both proof of trial and proof at the sentencing hearing in terms of the stolen. I'm sorry just one other point. So I think that the court could affirm finding just that the plain language of the guideline a one was satisfied could also affirm on the basis that it was properly applied under relevant conduct. Again the am ammunition was found in the clip of this gun. That was indisputably. Proven at trial. It occurred. Sorry it was disputed but it was proven beyond a reasonable doubt at offense occurred during his possession of the NFA gun occurred during the commission of count three. So it's therefore part of the same course of conduct and can be affirmed on the basis of relevant conduct provisions as well. In terms of the stolen firearm enhancement that was also properly applied. That's subsection before the government did submit an exhibit to and what that exhibit was was documentation from DOJ's efforts to trace the firearm once it was recovered from Mr. McLean. It had data on the firearm showing who had purchased it. That it was purchased from a firearms dealer on what date. And then it showed that it had been reported stolen in Butte County. Around December of twenty eighteen and then finally it showed. A communication. With the confirming agency in this Cape Butte County Sheriff's Department. That it had that the gun recovered. In the course of the investigation. Match the gun. That was reported stolen. And the court was entitled to rely on those exhibits to. Apply this enhancement. It was only a two point enhancement and. That was sufficient to satisfy the ponderance. Standard that applied. And then finally. The district court also correctly determined that the government's investigation didn't involve outrageous government conduct. Violating the defendant's constitutional rights. Again I just point out that. Mr. McLean was a parolee. He had diminished rights of both privacy. Also diminished liberty as a parolee. Seemed a perfectly appropriate for the. Parole officer to coordinate an investigation where. Mr. McLean might be committing illegal activities. And it really wasn't the environment that was. Coercive if you look at the trial record. It's really McLean's response. To the CI. Again the FBI agent testified at trial that he was actually surprised. That Mr. McLean so quickly. So this case doesn't. Match up with any of those where the government conduct was determined to be outrageous. With that your honors. I will see the rest of my time unless there are any other questions. Judge Wallace do you have any questions for the government. I don't think. OK. Thank you. Just to just two points with regard to the 5845 a gun issue. The Campbell case. Kind of. Is ill illustrative or illustrative of my point where they don't count the firearms in that case unless it's an unlawfully possessed firearm. The same should be true for this 5845 a gun. The language. The language in Campbell was. Part of the guidelines commentary that says. Unlawful possession right. Right I think maybe this hasn't come up before. I mean. So sometimes you have language that constrains the government sometimes you don't. And so for whatever reason. With respect to the short barreled guns there's nothing. That says it has to be unlawfully possessed. I guess I always thought the short barreled guns were unlawful period. But it's not required anyway. Well that's I think the Campbell. To the. To the statute aren't you. Now I just think it. The statute requires this interstate commerce element for it to be unlawfully possessed under federal law. States you know obviously regulate their own firearm. Laws and possession of firearms and things like that but in order for it to. Be unlawfully possessed under federal law. There have had to have been that interstate commerce. Language you're adding to the to this particular guideline. Which doesn't say unlawful possession it says it described in. The section that short barreled guns. I think it just assumes unlawfully possessed otherwise there wouldn't be. There were there wouldn't be a reason for. So like with the Campbell case the counting of the guns. They say it has to be unlawfully possessed and then in this other section it talks about. If you possess and I think it presumes unlawfully possessed. This gun. Then this guideline provision applies and I think the change in the law has happened since then that. Regulates ghost guns kind of. Proves the point and kind of bears that out. So that's what I want to add to that part of it. I just want to do one clarification there. With regard to this sentencing enhancement. Are you making. A challenge that the sentencing enhancement isn't satisfied or are you challenging the sentencing enhancement on its face. Essentially making a constitutional challenge to that that was not satisfied. There was not. There was insufficient proof that there was no proof that it was unlawfully possessed because of the lack of the interstate commerce requirement. And then to the last argument about the. The error in not granting a motion. To dismiss for outrageous government conduct I want to highlight that. My client was required to be at the parole office. He couldn't leave until his parole office parole officer released him. And he's there for the sole purpose for no other reason. They didn't have him there. They didn't say. You know the defendant's going to be at the parole office for a drug test or for some other reason. That might be a good time to put plant. A confidential informant in there to bump into them and try to bump into him and to try to get him to engage in government behavior or unlawful behavior. They required him to be there and they kept him there until he had this conversation with this confidential informant. I think that that is extra legal. It's illegal. It's unlawful. It shouldn't have happened. It's outrageous when you look at the government requiring a citizen to come in. To the office and stay there to see if you'll engage in criminal behavior. Thank you. All right. Again Judge Wallace do you have any questions for the defense. No questions. Thank you. All right. I think counsel for your argument in the United States versus McLean and that case is submitted.
judges: WALLACE, Boggs, FORREST